UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BEAVER | ) | CASE NO. |
| 58 S. Hague Ave. | ) | |
| Columbus, OH 43204 | ) | JUDGE |
| | ) | |
| *and* | ) | **PLAINTIFFS' COLLECTIVE** |
| | ) | **ACTION COMPLAINT** |
| RICHARD CARTER | ) | |
| 1324 Augmont Ave. | ) | (Jury Demand Endorse Herein) |
| Columbus, OH 43207 | ) | |
| | ) | |
| *On behalf of themselves and all others* | ) | |
| *similarly situated,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| READY WIRE ELECTRICAL | ) | |
| CONTRACTORS L.L.C. | ) | |
| c/o Statutory Agent Christopher Stant | ) | |
| 8160 Stout Rd. | ) | |
| Circleville, OH 43113 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| CHRISTOPHER STANT | ) | |
| 8160 Stout Rd. | ) | |
| Circleville, OH 43113 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs Michael Beaver and Richard Carter, by and through counsel, for their

Collective Action Complaint against Defendants Ready Wire Electrical Contractors, L.L.C.

(hereinafter "Ready Wire") and Christopher Stant (hereinafter collectively referred to as

"Defendants"), state and allege the following:

## INTRODUCTION

1.      Plaintiffs bring this case to challenge the policies and practices of Defendants Ready Wire and Christopher Stant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes and laws of the State of Ohio. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiffs' claims under the statutes and laws of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff Michael Beaver was a citizen of the United States and resident of Franklin County, Ohio.

6.      At all times relevant, Plaintiff Richard Carter was a citizen of the United States and resident of Franklin County, Ohio.

7.     Defendant Ready Wire is an Ohio for-profit limited liability company with its principal place of business in Pickaway County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Ready Wire's statutory agent for service of process is Christopher Stant, 8160 Stout Rd., Circleville, OH 43113.[1]

8.     Defendant Christopher Stant is, upon information and belief, a citizen of the United States and a resident of Pickaway County, Ohio.

## FACTUAL ALLEGATIONS

### Defendants' Business

9.     Defendant Ready Wire is an electrical contracting company serving Pickaway and surrounding counties. Ready Wire specializes in new residential and commercial electrical services as well as existing service upgrades, panel change outs, and whole house generators.

### Defendants' Statuses as Employers

10.     At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed hourly employees, including Plaintiffs.

11.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

12.     Defendant Christopher Stant is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Ready Wire, "in relation to employees," including Plaintiffs and the FLSA Collective. Defendant Christopher Stant is also an employer pursuant to O.R.C. Chapter 4111 and had operational control over significant aspects of Ready Wire's day-to-day functions, including the compensation of employees. Defendant Christopher Stant is Ready Wire's owner.

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/1443964 (accessed Sept. 18, 2020).

13.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14.     Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

**Plaintiffs' and the FLSA Collective's Non-Exempt Employment Statuses with Defendants**

15.     Plaintiff Michael Beaver was employed by Defendants from approximately December 2018 to July 2020 as an electrician

16.     Plaintiff Richard Carter was employed by Defendants from approximately January 2018 to July 2020 as an electrician.

17.     At all times relevant, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

18.      At all times relevant, Plaintiffs and the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

19.     Part of Plaintiffs' job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce. Part of Plaintiff's job duties included handling and operating equipment and accessories that were manufactured and distributed in interstate commerce that were necessary for Defendants' commercial purpose.

**Defendants' Failure to Pay Overtime Compensation**

20.     During their employment with Defendants, Plaintiffs and the FLSA Collective were classified as W-2 employees and required to work substantial amounts of overtime.

21.     Plaintiffs regularly worked more than forty (40) hours each workweek. However, instead of compensating Plaintiffs and the FLSA Collective at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiffs and the FLSA Collective their regular, straight time hourly rates for all hours worked.

22.     Defendants' failure to compensate Plaintiffs and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### Defendants' Record Keeping Violations

23.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

24.     Defendants failed to keep accurate records of hours and overtime worked. Thus, Defendants did not record or pay overtime hours in violation of the FLSA and Ohio law.

## The Willfulness of Defendants' Violations

25.     Defendants knew that Plaintiffs and the FLSA Collective were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

26.     Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

28.     Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

29.     The FLSA Collective consists of:

> All present and former hourly employees of Defendants during the period of three years preceding the commencement of this action to the present.

30.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

31.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

32.     Plaintiffs cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that they consist of approximately 30 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

**COUNT ONE**
**(FLSA Overtime Violations)**

33.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

34.     Plaintiffs bring this claim for violation of the FLSA's overtime provisions.

35.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

36.     Plaintiffs and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

37.     Defendants did not pay overtime compensation to Plaintiffs and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

38.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

39.     As a result of Defendants' violations, Plaintiffs and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA.  29 U.S.C. § 216(b)

entitles Plaintiffs and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

40.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

41.     Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

42.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

43.     Defendants' failure to compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

44.     These violations of Ohio law injured Plaintiffs and the FLSA Collective in that they did not receive wages due to them pursuant to Ohio law.

45.     O.R.C. 4111.10(A) provides that Defendants, having violated O.R.C. 4111.03 and injured Plaintiffs and the FLSA Collective, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Ohio Breach of Contract)

46.     Plaintiffs were paid by an agreement, a specific amount of pay, based on type of electrical work performed.

47.     Plaintiffs worked for Defendants as electricians on the basis that they would be paid as agreed for their significant amount of work performed at Highpoint Plaza and Magnolia Lakes.

48.     Defendants accepted the benefits of Plaintiffs working under this contract, and then did not pay Plaintiffs the amounts to which they were entitled under their contract. Defendants additionally ran an audit showing underpayments by Defendants of approximately $23,000 to Plaintiffs, which has not been paid.

49.     As a direct result of Defendants' conduct, Defendants breached the terms of Plaintiffs' contract, and Plaintiffs have suffered damages in excess of $100,000.

## COUNT FOUR
### (Unjust Enrichment)

50.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

51.     As hereinabove alleged, the terms of compensation established by Defendants promised Plaintiffs and other workers they would be paid wages at certain amounts, and work Plaintiff and the FLSA Collective performed during their employments was performed under, and in return for, those terms of compensation. However, Plaintiffs and the FLSA Collective were not paid certain amounts they agreed to be paid but were instead paid less than agreed.

52.     Insofar as Defendants disavow or otherwise avoid contractual liability for wages and compensation promised but unpaid, and/or if there is an otherwise absence of remedy provided by contract law, Plaintiff and the FLSA Collective assert a claim for unjust enrichment.

53.     Defendants have been unjustly enriched at the expense of Plaintiffs and other members of the FLSA Collective.

54.     Plaintiffs and other members of the FLSA Collective have fully performed work that ultimately benefitted Defendants.

55.     Defendants have retained the benefit of Plaintiffs' and other members of the FLSA Collective's services without compensating them as promised, under circumstances in which it would be unjust and unconscionable to permit Defendants to do so.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.      Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C.      Award compensatory damages to Plaintiffs and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

D.      Award monetary relief to Plaintiffs and other members of the FLSA Collective in an amount sufficient to divest Defendants of the amounts gained by their breach of contract and unjust enrichment; and

E.      Award Plaintiffs compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

_s/ Ryan A. Winters_
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

_Attorneys for Plaintiffs_

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

_s/ Ryan A. Winters_
Ryan A. Winters (0086917)