UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BEAVER, *et al.* | ) | CASE NO. 2:20-cv-5109 |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES L. GRAHAM |
| | ) | |
| *v.* | ) | CHIEF MAGISTRATE JUDGE |
| | ) | ELIZABETH P. DEAVERS |
| READY WIRE ELECTRICAL | ) | |
| CONTRACTORS L.L.C., *et al.,* | ) | **JOINT MOTION FOR** |
| | ) | **APPROVAL OF SETTLEMENT** |
| Defendants. | ) | |

Plaintiffs Richard Carter and Anthony MacKaravitz, and Defendants Ready Wire Electrical Contractors, L.L.C. and Christopher Stant, respectfully and jointly move the Court to approve the proposed Settlement reached by the parties and memorialized in the *Settlement Agreement and Mutual Release of Claims* ("Settlement") attached as Exhibit 1.

If approved by the Court, the Settlement will provide settlement payments to Plaintiffs Richard Carter and Anthony MacKaravitz representing a substantial percentage of the potential value of their claims. The parties respectfully submit that the proposed Settlement is fair, reasonable, and adequate, and satisfies the criteria for approval under § 216(b) of the FLSA.

The following settlement documents are respectfully submitted for approval or entry by the Court:

    Exhibit 1:    *Settlement Agreement and Mutual Release of Claims*;

    Exhibit 2:    Proposed Final Order and Judgment Approving Settlement and Dismissing the Action; and

    Exhibit 3:    Declaration of Plaintiffs' Counsel

The following sections of this Motion explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

## I. THE LITIGATION

### A. The Claims and Issues

Plaintiffs Michael Beaver[1] and Richard Carter filed this Action in the United States District Court for the Southern District of Ohio, Eastern Division on September 29, 2020. (*See* Electronic Case Filing No. ("ECF #") 1.) In the action, Plaintiffs alleged, among other things, that Defendants paid Plaintiffs on a piece/job rate basis without consideration of overtime hours worked and failed to pay Plaintiffs and other workers overtime allegedly required to be paid under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and Ohio's wage-and-hour statutes, O.R.C. Chapter 4111. (*Id*.) Plaintiffs further alleged a breach of contract and unjust enrichment claim. (*Id*.) Plaintiffs filed an Amended Complaint, asserting an additional retaliation claim. (ECF #14.) Defendants filed an Answer to Plaintiff's Amended Complaint, denying all liability under any of Plaintiff's claims, and asserting a counterclaim. (ECF ##8, 16.) Plaintiffs filed an Answer to Defendants' counterclaim, denying liability. (ECF #22.)

Defendant Ready Wire Electrical Contractors, L.L.C. ("Ready Wire") is a Circleville, Ohio-based electrical contractor. Defendant Christopher Stant is the owner of Defendant Ready Wire. Plaintiffs Richard Carter and Anthony MacKaravitz contend that they were paid on a piece/job rate basis without consideration of hours worked and Defendants therefore failed to

---

[1] On October 27, 2021, Plaintiffs filed a Suggestion of Death pursuant to Fed. R. Civ. P. 25(a) suggesting upon the record that Plaintiff Michael Beaver died on or about October 17, 2021. (ECF #32.) Rule 25(a) provides that "[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." As of this filing, a motion for substitution has not been made by the decedent's successor or representative. Michael Beaver would therefore be dismissed pursuant to Fed. R. Civ. P. 25.

pay them overtime wages allegedly required to be paid under the FLSA and Ohio law. The parties hotly dispute whether Plaintiffs Richard Carter and Anthony MacKaravitz worked overtime during their employments, and offered opposing deposition testimony on whether overtime hours were ever worked.

Obtaining the alleged unpaid wages at trial would be no easy task. In particular, Plaintiffs Richard Carter and Anthony MacKaravitz would need to, among other things: (1) convince the Court that the FLSA claim should proceed to trial on a collective basis under 29 U.S.C. § 216(b); (2) defeat Defendants' argument that Plaintiffs Richard Carter and Anthony MacKaravitz were paid properly and worked no overtime hours; (3) prove that Plaintiffs Richard Carter and Anthony MacKaravitz really performed compensable overtime work each workweek, in addition to the amounts of these times, and defeat Defendants' argument that the amount of work Plaintiffs Richard Carter and Anthony MacKaravitz allege, both with regard to frequency and duration, is an exaggeration that cannot be supported with admissible evidence; and (4) defeat Defendants' legal argument that any alleged violation was not willful and/or made in good faith.

### B. Conditional Class Certification

The Court granted the Parties' Joint Motion and Stipulation for Conditional Certification and Notice (*see* ECF ##23, 23-1, 23-2) on June 21, 2021 (ECF #25). Notice was mailed and emailed to putative class members, and the opt-in period ended sixty (60) days after the date the Notice and Opt-In Consent Form were mailed. (*See* ECF #23.)

### C. Discovery and Document Analysis

The parties engaged in extensive discovery, and Defendants ultimately produced voluminous wage-and-hour data and documents necessary to fully and fairly evaluate the claims of Plaintiffs Richard Carter and Anthony MacKaravitz. Prior to engaging in settlement

negotiations, Plaintiffs' Counsel conducted a comprehensive investigation, including an extensive analysis of the wage-and-hour information and data and documents. However, this case was highly – if not exclusively – dependent on the personal recollection and testimony of Plaintiffs Richard Carter and Anthony MacKaravitz, for Plaintiffs' claims, and Defendants Christopher Stant and Ready Wire Electrical Contractors, L.L.C.,'s other supervisory employees, for Defendants' defenses and counterclaim. While Defendants concede they did not keep complete wage and hour records for Plaintiffs, including "hours worked for each day worked" and other related timekeeping records as required to be maintained by employers pursuant to the FLSA and Ohio constitutional and statutory provisions, Defendants presented testimony that Plaintiffs Richard Carter and Anthony MacKaravitz worked little, if any, overtime hours. Therefore, both Plaintiffs Richard Carter and Anthony MacKaravitz were deposed by Defendants, and Plaintiffs also took the depositions of Christopher Stant and Michael Baker. Plaintiffs were also intending to take the deposition of Mark Jacques in the event the matter was not settled at mediation. (*See* ECF #38.) Plaintiffs Richard Carter and Anthony MacKaravitz estimated that they worked 8 – 20 overtime hours each workweek during the weeks they worked overtime. Plaintiffs estimated that their unpaid overtime damages equated to $19,305.00. Defendants, on the other hand, contend that overtime hours actually worked were rare, if any.  A settlement of $25,000.00, 130% of the calculated overtime damages, *after all attorney fees and costs are deducted*, is a substantial recover in light of the legal and factual arguments raised by Defendants throughout the course of litigation.

      The documents and deposition testimony were extensively analyzed by both sides to assess the strengths and weaknesses of the case and determine computations of the claimed

damages. The contentious discovery and analyses were difficult and time-consuming, but proved instrumental to the ultimate negotiation of the proposed Settlement.

## II. THE NEGOTIATIONS

The parties engaged in a mediation before Attorney Frank Ray on February 22, 2022. (*See* ECF #40.) These negotiations resulted in a global settlement encompassing all issues, subject to approval by the Court pursuant to § 216(b). The distributions and settlement as a whole, including the attorneys' fees to Plaintiffs' Counsel, are supported by the Declaration of Plaintiffs' Counsel. (*See* Ex. 3.) Formal settlement documents, including the Settlement Agreement attached as Exhibit 1, were later prepared and executed for approval by the Court.

## III. THE SETTLEMENT TERMS

Defendants have agreed to pay the Total Settlement amount of $37,500.00 as set forth in the Settlement Agreement (Ex. 1 ¶ 5). That sum will be used to make settlement payments to the Plaintiffs Richard Carter and Anthony MacKaravitz which shall constitute adequate consideration for the Settlement and will be made in full and final settlement of: (1) the claims released by Plaintiffs Richard Carter and Anthony MacKaravitz; (2) attorneys' fees and costs; and (3) any other obligations of Defendants under the Settlement Agreement. The Settlement also resolves the counterclaim asserted in the action.

If approved by the Court, the proposed Settlement will make individual settlement payments available to the Plaintiffs Richard Carter and Anthony MacKaravitz representing a substantial percentage of the potential value of their claims. The settlement achieves an excellent result for Plaintiffs Richard Carter and Anthony MacKaravitz, and results in a payout of 130% of the wage damages calculated at mediation.

Plaintiffs' Counsel will receive an agreed-upon amount for attorneys' fees and reimbursement of litigation costs. The payment to counsel represents a significant reduction from the total lodestar attorney fees expended in the prosecution of the Action. (*See* Ex. 3.) The attorneys' fees, and the settlement as a whole, are supported by the Declaration of Plaintiffs' Counsel. (*Id*.) As provided in the Settlement Agreement, attorneys' fees and costs to Plaintiffs' Counsel may not be disbursed until after the final approval order is issued by the Court, contemporaneously along with the settlement payments to Plaintiffs Richard Carter and Anthony MacKaravitz.

## IV. THE PROPRIETY OF APPROVAL

Pursuant to the FLSA, claims for back wages and other damages may be settled or compromised only with the approval of the district court or the Secretary of Labor. *See, e.g., Lewis v. Huntington Natl. Bank,* 789 F.Supp.2d 863, 869 (S.D.Ohio 2011) (citing *Barrentine v. Arkansas-Best Freight Sys*., 450 U.S. 728, 740, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981); *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982)). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Zego v. Meridian-Henderson*, S.D.Ohio No. 2:15-CV-3098, 2016 U.S. Dist. LEXIS 132320, at *3 (Sep. 27, 2016) (quoting *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-729, 2012 U.S. Dist. LEXIS 74994, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) (The Court must ensure "there is a bona fide dispute between the parties as to the employer's liability under the FLSA" and that the proposed settlement "is fair, reasonable, and adequate."); *see also Landsberg v. Acton Ents*., S.D.Ohio No. C2-05-500, 2008 U.S. Dist. LEXIS 51544, at *2 (June 16, 2008), fn. 1 (quoting *Lynn's Food Stores, Inc*., 679 F.2d at 1353).

### A.  The Seven-Factor Standard is Satisfied

In *Kritzer*, the court used seven factors to evaluate whether the proposed settlement was "fair, reasonable, and adequate" for purposes of the FLSA, 29 U.S.C. 216(b).  *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *19-20.  *See also Crawford v. Lexington-Fayette Urban Cty. Govt.,* E.D.Ky. No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13-14 (Oct. 23, 2008) (applying an alternative formulation of the seven-factors) (citing *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007), citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992)); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)). These factors include "the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery engaged in, the likelihood of success on the merits, and the public interest in settlement." *Sharier v. Top of the Viaduct, LLC,* N.D. Ohio No. 5:16-cv-343, 2017 U.S. Dist. LEXIS 35584, at *4 (Mar. 13, 2017) (citing *Crawford*, 2008 WL 4724499, at *3 (further citation omitted)). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup v. Renovo Servs., LLC,* S.D.Ohio No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *8 (June 24, 2011) (citing *Redington v. Goodyear Tire & Rubber Co.,* 2008 U.S. Dist. LEXIS 64639, 2008 WL 3981461 at *11 (N.D. Ohio Aug. 23, 2008), citing *Granada,* 962 F.2d at 1205-06)).

A key factor – the likelihood of success on the merits balanced against the amount and form of the settlement – strongly supports approval. Litigating FLSA claims is always risky and uncertain, and Plaintiffs would have to establish not only Defendants' liability, which Defendants vehemently deny, but also each Plaintiffs' damages. Of particular contention in this specific case is the factual and legal dispute as to whether Richard Carter and Anthony MacKaravitz performed overtime work each workweek, in addition to the amounts of these

times. Defendants argued that no overtime was ever worked and that – in the event it was – the amount of damages Plaintiffs allege is an exaggeration that cannot be supported with admissible evidence. The outcome of litigating the case would be uncertain, and the risks of continued litigation would be high. In contrast, the Settlement assures that the Plaintiffs will receive significant compensation. Given the uncertainties surrounding trial in this matter, the certainty and finality of a settlement that will substantially benefit Plaintiffs Richard Carter and Anthony MacKaravitz is in the public interest. *See Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *24 (the public interest is served when a settlement "ends potentially long and protracted litigation") (citing *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 369 (S.D. Ohio 2006); *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). Indeed, this matter has been pending for over 16 months. The proposed Settlement will eliminate the risk and delay of litigation and make substantial payments available to the Plaintiffs Richard Carter and Anthony MacKaravitz.

The other six factors are satisfied as well. Wage-and-hour cases for groups of employees are always expensive and time-consuming, and the expense and likely duration of continued litigation favor approval. Given the factual and legal complexity of the issues in this case, there is no guarantee that Plaintiffs will prevail at trial and the litigation could be long and protracted. In contrast, the Settlement assures that the Plaintiffs will receive significant compensation. Plaintiffs' Counsel have extensive experience litigating FLSA claims, and there is no fraud or collusion. The Parties engaged in substantial document review, comprehensive data analysis, and due diligence prior to arduous negotiations, and the issues were well understood. The settlement was reached as a result of arms-length negotiation between parties represented by competent counsel. *See Sharier*, 2017 U.S. Dist. LEXIS 35584, at *4-5. Counsel on both sides support the Settlement, as do the Plaintiffs themselves. (*See* Exs. 1, 3.)

### B. The Settlement Payments Are Fair, Reasonable, and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court should "ensure that the distribution of settlement proceeds is equitable." *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *25 (citing *Rotuna v. W. Customer Mgt. Group, LLC,* N.D.Ohio No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, at *6 (June 15, 2010), citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999)).

In the present case, the proposed individual settlement payments to Plaintiffs Richard Carter and Anthony MacKaravitz achieves an excellent result for the covered workers, 130% of the wage damages calculated at mediation after the payment of attorney fees and costs. The settlement payments are fair, reasonable, and adequate.

### C. Plaintiffs' Counsels' Fees and Expenses Are Proper and Reasonable

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and the costs of the action." 29 U.S.C. § 216(b). Ohio wage-and-hour statutes also provide for "costs and reasonable attorney's fees as may be allowed by the court." O.R.C. § 4111.10. The FLSA's mandatory fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502-03 (6th Cir.1984)). The Sixth Circuit has "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages" *Fegley,* 19 F.3d at 1134 (quoting *Posner v. Showroom, Inc.*, 762 F.2d 1010, 1985 U.S. App. LEXIS 14544,

at *6 (6th Cir.1985)). *Accord*, *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *27 *(May 30, 2012)* (the fee award must be "adequate to attract competent counsel but … not produce a windfall") (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008), quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "In determining what constitutes a 'reasonable' fee award, '[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees . . . encourage[s] the vindication of congressionally identified policies and rights." *Funk v. Airstream, Inc.*, S.D.Ohio No. 3:17-cv-260, 2019 U.S. Dist. LEXIS 162334, at *5 (Sep. 23, 2019) (citing *Fegley*, 19 F.3d at 1134-35 (internal quotations and citations omitted)). "There is a 'strong presumption' that a prevailing plaintiff's attorney is entitled to the lodestar fee," which is "the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate." *Id.* (citing *Adcock-Ladd v. Secy. of Treasury*, 227 F.3d 343, 350 (6th Cir.2000); *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir.2004); *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

In the present case, the efforts of Plaintiffs' Counsel resulted in proposed settlement payments to the Plaintiffs Richard Carter and Anthony MacKaravitz representing a substantial percentage of the potential value of their claims - approximately 130% of the wage damages calculated for Plaintiffs Richard Carter and Anthony MacKaravitz at mediation. Moreover, the proposed payment to Plaintiffs' Counsel represents a significant reduction from the total fees and costs expended in the prosecution of the Action. The attorneys' fees, and the settlement as a whole, are supported by the Declaration of Plaintiffs' Counsel, attached as Exhibit 3.

Plaintiffs' requested attorneys' fees award comprise of 25% ($9,341.93 attorney fee award / $37,500.00 total settlement amount) of the overall amounts recovered, less than the one-third standard award regularly approved in FLSA collective actions. As noted in *Osman v.*

10

*Grube, Inc.,* N.D.Ohio No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *6-7 (May 4, 2018), one-third of the common fund "is a reasonable attorneys' fee award 'and has been approved in similar FLSA collective actions in this judicial district.'" *Id.* (citing *Rotuna*, 2010 WL 2490989, at *7 (N.D. Ohio June 15, 2010), citing *Dillworth v. Case Farms Processing, Inc.*, 5:08CV1694, 2009 U.S. Dist. LEXIS 76947 (N.D. Ohio 2009); *Jackson v. Papa John's*, Case No. 1:08-CV-2791, 2009 U.S. Dist. LEXIS 140578 (N.D. Ohio 2009); *Fincham v. Nestle Prepared Foods Co.*, 1:08-CV-73 (N.D. Ohio 2008); *McGhee v. Allied Waste Indus.*, Case No. 1:07-CV-1110 (N.D. Ohio 2007)); *Bailey v. Black Tie Mgt. Co. LLC*, S.D.Ohio No. 2:19-cv-1677, 2020 U.S. Dist. LEXIS 144274, at *12-13 (Aug. 12, 2020) ("District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount.") (citing *see e.g., Bessey v. Packerland Plainwell, Inc.,* No. 4:06-cv-95, 2007 U.S. Dist. LEXIS 79606, at *13-14 (W.D. Mich. Oct. 26, 2007), citing *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.")); *Wright v. Premier Courier, Inc.,* S.D.Ohio No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *13-18 (Aug. 17, 2018); *Castillo v. Morales, Inc.*, S.D.Ohio No. 2:12-CV-650, 2015 U.S. Dist. LEXIS 192936, at *17-24 (Dec. 22, 2015); *Satterly v. Airstream, Inc.*, S.D.Ohio No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *28-29 (Sep. 25, 2020) (noting that "one-third of the settlement fund" is the "normal fee amount in common fund settlement in wage and hour cases.") (citing *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 U.S. Dist. LEXIS 204371, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (approving as reasonable 1/3 for attorney's fees from a common fund of $1,140,000); *Arledge v. Domino's Pizza, Inc.*, No. 3:16-CV-386-WHR, 2018 U.S. Dist. LEXIS 179474, 2018

11

WL 5023950, at *4 (S.D. Ohio Oct. 17, 2018) (observing collective cases that attorney fee awards "typically range from 20 to 50 percent of the common fund") (additional citations omitted)).

"The lodestar figure is used to confirm the reasonableness of the percentage-of-the-fund award." *Osman,* 2018 U.S. Dist. LEXIS 78222, at *6-7 (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)). A percentage-of-the-fund attorneys' fee award is reasonable when it amounts to a multiplier of approximately 2.5. *See, e.g., Castillo*, 2015 U.S. Dist. LEXIS 192936, at *22 ("Class Counsel's cumulative lodestar of $263,479.00, compared to its requested fee of $660,000.00, yields a lodestar multiplier of approximately 2.5. This is typical of lodestar multipliers in similar cases."); *Swigart v. Fifth Third Bank*, S.D.Ohio No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450, at *18 (July 11, 2014) ("Counsel's cumulative lodestar of $512,885, compared to its requested fee of $1,320,000, yields a lodestar multiplier of 2.57, which is consistent with other risk multipliers...") (citations omitted); *Osman*, 2018 U.S. Dist. LEXIS 78222, at *7 (citing *Thorn v. Bob Evans Farms, Inc.*, No. 2:12-CV-00768, 2016 U.S. Dist. LEXIS 195207, 2016 WL 8140448, at *3 (S.D. Ohio Feb. 26, 2016) ("approving 32.92 percent of the common fund when that number amounted to a 2.01 multiplier of plaintiff's counsel's loadstar attorney's fees").

Prosecuting complex litigation on a collective class basis is always difficult and time-consuming. The tasks required of Plaintiffs' Counsel in this case included pre-litigation investigation of Plaintiff's claims and the identities of potential corporate defendants; preparation of the Complaint; negotiation and submission of the parties' Rule 26(f) report; as well as investigation and interviewing of current and former workers of Defendants and putative opt-in class members. The Court granted the Parties' Joint Motion and Stipulation for Conditional

Certification and Notice (*see* ECF ##23, 23-1, 23-2) on June 21, 2021 (ECF #25). Notice was mailed and emailed to putative class members, and the opt-in period ended sixty (60) days after the date the Notice and Opt-In Consent Form were mailed. (*See* ECF #23.) Plaintiffs' Counsel oversaw the notice mailings to potential opt-in plaintiffs, responded to questions and inquiries from potential opt-in members, as well as drafted Plaintiff's Rule 26 Disclosures.

Plaintiffs' Counsel further drafted Plaintiff's Omnibus First Set of Discovery Requests to Defendants. Counsel further responded to Defendants' Document Requests and Interrogatories to Plaintiffs, which were served on both the named and opt-in Plaintiffs, and which required significant time for Counsel to interview, review, verify, and finalize the discovery responses with Plaintiffs. As a result of the comprehensive discovery process, Defendants provided Plaintiffs hundreds of pages of PDF documents. These documents and data were extensively analyzed by Plaintiffs' counsel for damages, settlement evaluation and mediation, and deposition and discovery preparation purposes. Defendants ultimately deposed two (2) of the Plaintiffs, Richard Carter and Anthony MacKaravitz, requiring significant preparation, and Plaintiffs deposed Defendant Ready Wire's Fed. R. Civ. P. 30(b)(6) representative and owner, as well as another management employee. In addition, following the establishment of the opt-in class, Plaintiffs' Counsel interviewed Plaintiffs and used the obtained information to supplement the damages computation and demand for mediation, discovery, and settlement evaluation purposes, respond to Defendants' comprehensive discovery requests, including interrogatories and production requests that were served upon every one of the Plaintiffs, and prepare for examination during deposition and for trial. The analyses and investigation were time-consuming, but proved instrumental to the negotiation of the proposed Settlement.

The resulting settlement negotiated by Plaintiffs' Counsel ensures substantial payments to the Plaintiffs Richard Carter and Anthony MacKaravitz – approximately 130% of their calculated wage damages at mediation. As of February 26, 2022, at a combined fee lodestar of $49,855.00 the requested attorney fee of $9,341.93 results in a "negative multiplier" if the Court approves the requested settlement payment as to attorneys' fees. (*See* Ex. 3 ¶ 39.) Such a negative multiplier supports that the fee sought is reasonable. *Jones v. Home Care Assistance of Cent. Ohio, LLC*, S.D.Ohio No. 2:18-cv-01342, 2019 U.S. Dist. LEXIS 213145, at *3-4 (Dec. 9, 2019); *Rikos v. P&G*, S.D.Ohio No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722, at *26 (Apr. 30, 2018) (citing *see Walls v. JP Morgan Chase Bank, N.A.*, Case No. 3:11-cv-673-DJH, 2016 U.S. Dist. LEXIS 142325, at * 18 (W.D. Ky. Oct. 13, 2016)). In other words, while Plaintiffs Richard Carter and Anthony MacKaravitz will recover approximately 130% of their calculated wage damages, Plaintiff's counsel has agreed to recover a fraction of their lodestar attorney fees incurred to date. The lodestar calculation in this matter unequivocally supports the reasonableness of the fee request.

In addition, the Settlement provides for $3,158.07 in reimbursable out-of-pocket expenses incurred in this case by Plaintiffs' Counsel. These expenses constitute costs that were reasonably necessary to prosecute the action. (*See* Ex. 3 ¶¶ 40-41.)

Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiffs' Counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provisions.

**V.     CONCLUSION**

For the reasons addressed above, the parties respectfully request that the Court approve the Settlement by entering the proposed order attached as Exhibit 2.

Respectfully submitted,

| | |
|---|---|
| *s/ Ryan A. Winters* | *s/Gary A. Reeve (via email consent)* |
| Joseph F. Scott (0029780) (Trial Attorney) | Gary A. Reeve, Esq. (0064872) (Trial Attorney) |
| Ryan A. Winters (0086917) | Law Offices of Gary A. Reeve |
| Kevin M. McDermott II (0090455) | 5354 Cemetery Road |
| SCOTT & WINTERS LAW FIRM, LLC | Hilliard, Ohio, 43026 |
| The Caxton Building | 614.808.1881 |
| 812 Huron Rd. E., Suite 490 | 614.334.5107 (FAX) |
| Cleveland, OH 44115 | greeve@reevelaw.net |
| P: (216) 912-2221  F: (216) 350-6313 | |
| jscott@ohiowagelawyers.com | *Attorney for Defendants* |
| rwinters@ohiowagelawyers.com | |
| kmcdermott@ohiowagelawyers.com | |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)